Duncan J.,
briefly stated the facts, and then delivered the opinion of the Court as follows:
For this injury to the parent, trespass will lie. Although the action may be framed in case, yet trespass seems to be adopted generally, as the form of action: but whether *177 brought in trespass or in case, the loss of service is the legal foundation of the action ; the consequence, is matter of gravation. Postlethwaite v. Parkes, 3 Burr. 1878. If the daughter be above the age of twenty-one years, there must exist some kind of service, but the slightest acts constitute the relation of master and servant; but if she be under twenty-one, and there is no actual- service- performed by her for her parent, if he has not parted with' his right to her service, has not divested himself of his right to retain her services, she is his servant de jure, and' the defendant has done an act which has deprived him of his daughter’s services, .which he might have exacted, but for that injury. These" principles naturally flow from the relation of father and child, and from his right to her service until twenty-one, and his liability to support her. Martin v. Payne, 9 Johns, 387.
Many injuries may be done to a child, which are not the subject of an action' by the father.
The act of mere inconsequential incontinence, unaccompanied with pregnancy or seduction of the child from the service of the parent, it is apprehended, afford the parent no cause of action.
Whatever damage the mother might sustain, arose from an act committed in the father’s life time. ' The daughter was his servant. W.hen her mother became, on her husband’s death, the mistress of the house, the mischief was done ; the daughter came into her service pregnant. If the alleged trespass gave her no cause of action, the consequence of the trespass could not. ‘When the trespass was committed,- the daughter was the servant of another.—We mustióse sight of the foundation of the action, which in the case of an adult is the actual service at the time the act was done, if we decide, that this action can be supported by one who afterwards becomes master ; for the same principle must exist between parent and child, as-between other masters and servants. If the master, entitled by indenture to the service of a female,disposes of her time to another, the servant being then pregnant, the assignee cannot support an action for the consequence of the pregnancy. It is damnum to be sure, but it is damnum sine injuria. Between the mother and the daughter, the father being alive when the injury was done, there could not exist the relation of master and servant. On the death of *178 the husband, it could not survive to her; it could not survive to any one; it was a tort which died with the peráon. If Sarah Logan, at the time of impregnation, was not in hey father’s service, but returned to his family before her delivery, he could not support this action. Now the mother here stands precisely in that state.
I agree with the counsel for the plaintiff in error, that this action is considered with great liberality, and that courts of justice have extended it very far in comprehending, not only parents, but other relatives in loco parentis, and even strangers who have adopted the children of others; but they have always adhered to the nature of the action; have never extended it to cases, where, at the time of the injury done, the person complaining was not, in contemplation of law, either enjoying the services of others, or having a right to retain them. The wife here, had no legal right; all her rights were extinguished in the marital rights of her husband. She could have no servants ; she was entitled to no service. ■ When this injury was done, her very legal existence was suspended. She could bring no action alone for this injury; she could not join with her husband in this action. The lying-in expenses, the support of the daughter, the mental pain she may have sustained, do not of themselves give the cause of action, although in truth, the latter forms the principal feature in giving damages, which are seldom measured by actual expenditure, or pecuniary compensation for actual service ltist. The judgment must be affirmed.
Judgment affirmed-