*39 The opinion of the Court was delivered by
Duncan J.
In this action, the loss of service is the legal foundation of the plaintiff’s right; and though it is difficult to reconcile to principle the giving damages ultra the mere loss of service, — -damages for the injured feelings of the parent, for family honour and distress, — damages for loss of comfort ; and though the pecuniary loss is generally the smallest, where the damages recovered are the greatest, and where the real loss of service is lost sight of in the higher injury done to the child, yet the loss of service is still the foundation of the action; though, in fact, she was not accustomed to perform any servile labour or menial office in the family. Yet, however liberal Courts may. have been, by letting in other evidence than the value of the services, to increase the damages, they have never extended the boundaries óf .the action. There is no authority or principle to warrant the position, that civil actions may be considered as media of punishment for moral offences; .but where there exists this ground of loss, that is made the instrument of punishment, and to operate as a lesson' to the offender, as the invader of domestic happiness. But the extra damages have no foundátion to stand upon, except the loss of service. I do not by any means agree in opinion with those who think that loss of labour (which is the gist of the action) is not in question, where the inquiry is on the legal cause of action; though I agree with them that it is pretty much lost sight of in assessing the damages; for if it was not in question, then mere seduction, inconsequential fornication, would be actionable, whether the daughter was an adult or a minor, which it certainly is not. If the daughter be above t.he age of twenty-one, there must exist some kind of service, however slight; but under twenty-one, though not living under her father’s roof, but residing with another, and in the temporary service of another, (if the father has not renounced and abandoned her totally, divested himself of all right to reclaim her services,) she continues under his protection and control; her services may be demanded and coerced; he is liable for her support, and she is his servants jure ; and the defendant having done án act which has deprived the father of his daughter’s services, which' he might have required and enjoyed,, but for this injury, his obligation to support her, his right to. *40 her services, his title to her wages, until her majority, are t}le grounds of the action. He does not rely on the relation Parent an(l child, but master and servant. During pupillage, the child gains no domicil distinct from the parent. The cases Gf emancipation have always been decided either on the circumstance of the child’s being twenty-one, or mar-tied, or having contracted a relation inconsistent with his being in a subordinate situation in the father’s family: and a child under twerjty-one, who resides not with his father’s family, but permanently with another, is entitled to his father’s settlement, acquired after he ceased to reside, with him ; because in that time he remained under the power of the father. The father having had a right to the child’s custody, might have obtained it on a habeas corpus; for his parental care, power, and authority had, by no act, been finally renounced by him : nor had the right of an actual master or one standing in loco parentis, become vested in another. Taking the whole structure of the charge, it may be so construed, as thus leaving it to the jury, and the whole of it must be taken as one connected opinion. The Court say, it is not necessary to maintain the action, that the child should actually reside with the father j if she reside elsewhere, with or not against the consent of the father : and put the action on its true principles, — the subjection of the child to the father’s power j his right to her services, and his liability to support her. Who could maintain the action for services lost, if the father could not ? Taylor,, with whom she was in service, (when the injury was done) for seven weeks could not, for he had sustained neither damnum nor injuria. Her sister could not, for she did not stand in loca parentis; she was not entitled to her services ; she had not lost her services; the child lived with her on account of some disagreement with her stepmother; it may be fairly presumed, placed with her sister by her father as the most proper place ; and it is not an unnatural presumption, that the presents made by the father to the married sister were considered by her as some small allowance towards her support. The father’s right to recover does not depend on her returning to her family during pregnancy, and on her lying-in expenses. She might have returned; and he be bound ;o support her. The per quod servitium amisit is technically made *41 out by the evidence, that by the acts of the defendant below, the plaintiff in error, he was deprived of the services of his child, — services which he had a right to claim, which were his in potentia, which the child owed to him, and which he put it out of her power to perform. The judgment stands affirmed.
Judgment affirmed.