McKinney, J.,
delivered the opinion of'the Court.
This was an action on the case, brought in the Circuit Court of Knox, for the seduction of Rebecca Meek, jr., the daughter of the plaintiff. The daughter was examined as a witness. She testified that when seduced — which was on the 10th of August, 1851 — she was twenty-four years of age; that at the time of her. seduction she was a member of her father’s family and living in his house; that her father died on the 14th of October, 1851, little more than two months after she was seduced; that during the life of her father, she performed services for him, and after his death, she continued to live with her mother, and to perform services for her, up to the time of the birth of her child, which took place on the 24th of April, 1852, and has since resided with her.
Upon the foregoing facts it was insisted, on the Mai, by the defendant’s counsel, that the mother could not maintain this action, the seduction being in the *32 lifetime of the father, with whom the daughter lived at the time she was seduced. But the Court instructed the jury, “That if the daughter was living with her mother, before and at the time the child was born, performing service for her, that the mother had a legal right to maintain the suit, notwithstanding the father may have been alive when the act of seduction took place.” The jury found for the plaintiff, and assessed the damages at $2500.00. The Court refused a new trial, and the defendant appealed in error.
The question is — did the Court err in this instruction.
The remedy afforded by the common law to a parent for the seduction of a daughter, when followed by- pregnancy, is founded, not upon the relation of parent and child, but upon that of master and servant. The action, in most cases, may be either trespass or case; and the distinction between the two actions, as respects the ground of recovery, is important to be kept in view.. Where there has been an illegal entry into the father’s house or premises, by the seducer, an action of trespass, vi et armis, may be maintained, for the breaking the house, or trespass on the premises, and the seduction of the daughter, and consequential loss of service, may be alleged and proved as an aggravation of the damages: Or an action on the case may be supported, founded merely on the consequences of the seduction.
In the former action, in which the illegal entry of the father’s house is the technical ground of the action, and the seduction and loss of service is considered *33 as only matter in aggravation of the trespass, it may well enough be maintained, consistently with the nature of the action and the principles by which it is governed, that it cannot be supported unless the daughter were living with the plaintiff at the time of the injury. But, in an action on the case, the ground of which is, the consequential injury resulting from the seduction, it is unimportant whether or not the person seduced lived with the plaintiff at the time seduction took place. It is admitted that this conclusion is directly opposed by the case of Dean vs. Peel, 5 East. 45, and other cases, both English and American, cited in the brief for the plaintiff in error; but we think it is fully supported by reason and weight of authority.
When it is said that this remedy is founded on the relation of master and servant, and that therefore, the gist of the action is the loss of service ; it must be borne in mind that such relation, as has been well observed, is “ little more than matter of fiction, made use of to support the action.” 3 Stark, on Ev. 1307. By the common law, a parent cannot, in that character merely, support an action for debauching his daughter. The action is maintainable only in respect of the supposed loss of service. Bl. Com. vol. 3, 142, n. 14. 2 Saund. on Pl. & Ev. 350. This idea of the loss of service to the master, is said to be a necessary fiction of law, in order thgt the person seduced may be a competent witness ; as otherwise the wrong-doer might escape for want of proof; the injury, from jts nature, being susceptible of proof only through the parties to it. See Reeve’s *34 Domestic Relations, 293, n. 1. And it is to be observed, that the authorities which adhere most rigidly to the doctrine, that the loss of service is the foundation of this remedy, admit at the saiñe time, that the most trifling and valueless acts of service are sufficient; and that the mere loss of menial service is not the real ground of the action. But, notwithstanding the doctrine maintained by the older authorities upon this subject, it is now well settled by numerous , cases, both English and American, and upon more just and enlightened views ’of the domestic relations, that proof of actual service by the daughter 'is not necessary to support this action. See Hewett vs. Prime, 21 Wend. 79, and cases there cited. If the daughter lives in her father’s family, service will be presumed. It is immaterial whether she be a minor or of full age, if she live with her father. If under age, she is, of course, his servant. But, though this is not the case, if she be of full age, yet from •the fact that she lives with her father, the presumption is, that she is his servant, unless such presumption be removed by proof that she lives with him otherwise than as a servant. Reeve’s Domestic Relations, 292.
The case of Dean vs. Peel is denied to be law by several American cases. And it is well settled, that if the daughter be a minor, it is not material that she should be living in her father’s family at the time of her seduction, to entitle him to maintain an action on the case against her seducer. In Martin vs. Payne, 9 Johns. Rep. 387, a daughter of the age of 19, went to live with an uncle, with her father’s con *35 sent. The uncle' a,greed to pay her for her work, but there was no agreement for any definite time. While there, she was seduced, and immediately after-wards returned to the house of her father, who maintained her, and paid the expenses of her lying-in; though, until her seduction, she had no intention of returning to her father. And it was held that the father might maintain an action on the case against her seducer; the father not having divested himself of the legal right to reclaim the services of his daughter; the relation of master and servant was presumed from his right to command her services. In the case of Sargent vs. — , 5. Cowen’s Rep. 106, a widow bound her minor daughter, by indenture, as a servant till the age of 18. During the period of her service she was seduced. When her pregnancy was discovered, the indentures were cancelled by consent, and the daughter returned to live with her mother, and while in her service, was delivered of a child. It was held that an action on the case might be maintained by the mother against the seducer. The Court say, that from the time of the return of the daughter to her mother’s house, at least, the relation of mistress and servant was restored between them: and that when the action is case, it is not material who was entitled1 to the services of the daughter at the time of the seduction; . the real enquiry is, on whom has the consequential injury fallen? It cannot be necessary, say the Court, according to the theory, or just principles by which this action is regulated, that the parent, in order to sustain it, should be entitled to the services of the daughter, at the very *36 instant when the act is committed which subsequently results in a loss of service, or necessary pecuniary disbursement.
In Clarke vs. Fitch, 2 Wend. Rep. 459, the daughter, being a minor, left her father’s house, by his permission, to work for and maintain herself. She was seduced and gave birth to a child. From before her seduction until after the birth of her child, she had never been in her father’s house. But the person by whom the expenses of her lying-in had been paid, looked to her father for reimbursement. And on the ground of this liability, it was held that the father might maintain an action on the case for the seduction. Because the father had the right to recall his daughter and control her services ; and the loss fell upon him of the expenses of her confinement and sickness. So, in Hornketh vs. Barr, 8 Serg. & R. 36, the same doctrine was held; and it is maintained by several other cases referred to in the argument. In these cases, the minor daughter is regarded as de jure the servant of the father, though de facto the servant of another at the time; on the principle that the daughter, though not living with her father at the time of the injury, was still subject to his control, and he had the legal right to command her services; and hence the supposed relation of master aad servant was presumed to exist.
This fictitious relationship of master and servant, does not however, exist where the person seduced was of full age at the time of the injury. In the latter case, the .daughter is not, in law, the servant of her parent; nor is he liable • for her maintenance, *37 or tbe expenses of her confinement. Hence, to entitle the parent to maintain an action for debauching a daughter above the age of twenty-one, it must, at least, appear, that during some portion of the time• of her pregnancy, or of her lying-in, she was a member of his family. From the fact of her living with her parent, service will be presumed, as has been already shown. But, where the action is case, it is no more necessary in the case of a daughter of full age, than in that of a minor, that she should have been living in the family of the parent at the time of the seduction: nor is it any more important in the one than in the other, who was entitled to, or enjoying her services at the time of the injury. The only inquiry of importance in either case, is, on whom has the consequential injury fallen ? And such person, whether father, mother, or other person standing in loco parentis, is entitled to legal redress in the present form of action.
Where the action is trespass vi et armis, it is admitted the law is otherwise. In the latter action, the breaking the house, or illegal entry upon the premises, being the legal ground of the action; and the consequential injuries but matter of aggravation; and a justification of the entry into . the house, or upon the premises, in such case, being a sufficient justification of the whole charge in the declaration; it is clear, that if the person seduced were not living in the house of her parent, or in his actual service, at the time of the seduction, this action could not be supported. In such case, the idea of a trespass against the parent is necessarily excluded, and the ground of *38 action 'wholly fails. But in an action on the case, the illegal entry of the parent’s house is not an element of the legal ground of action; neither is the mere act of seduction; the gist o<f the action, is the consequential damages resulting from the seduction. It cannot, therefore, upon principle, be at all important whether the parent was, or was not, entitled to the daughter’s services at the time of her seduction. In this view of the law, we dissent from the conclusion maintained in the cases of Logan vs. Murry, 6 Serg. & Rawle, 175; Nicholson vs. Stryker, 10 John. R. 117; Miller vs. Thompson, 1 Wendell’s Rep. 447, and the numerous other cases, English and American, relied upon by the counsel for the plaintiff in error; and hold, that the present action may be maintained by the mother, although by reason of the fact, that the father was living at the time of the seduction, and the seduced was at the time a member of his family and rendering service to him; the mother was not then, nor could she be, in law, entitled to the services of the daughter: but the latter having remained with the mother, after the father’s death, in the presumed relation of servant; and the trouble and expenses of lying-in having fallen upon her, the action is maintainable upon this ground.
Judgment affirmed.