May Term,
1846.

HILL
v.
WILSON.

---

## HILL *v.* WILSON.

Case by a father for debauching his daughter, whereby she became pregnant, &c. Plea, not guilty. The following instructions to the jury, asked for by the defendant, were refused: 1. Criminal connection may take place between the parties without seduction; 2. If seduction was not proved, damages for it should not be given. *Held*, that the instructions should have been given.

ERROR to the *Grant* Circuit Court.

BLACKFORD, J.—This was an action on the case brought by *Wilson* against *Hill* for debauching the plaintiff's daughter, whereby she became pregnant, &c. Plea, not guilty. Verdict and judgment for the plaintiff.

On the trial, the defendant asked the Court to instruct the jury as follows: 1. Criminal connection may take place between the parties without seduction; 2. If seduction was not proved, damages for it should not be given. The Court refused to give these instructions.

The foundation of this action is the plaintiff's loss of his daughter's service, occasioned by the defendant's carnal intercourse with her, by which she became pregnant; and evidence of such loss, so occasioned, must therefore be sufficient to support the suit, where there was no connivance by the plaintiff. Other circumstances, however, such as seduction,

*Tuesday,
June 23.*

the previous respectability of the plaintiff's family, &c., may be proved to increase the damages. This being the nature of the action, it appears to us that the instructions asked ought to have been given. Supposing the daughter to have been unchaste, and the alleged carnal intercourse to have been occasioned as much by her misconduct as by that of the defendant, the latter would not then have been guilty of seduction. That would be a case of criminal connection without seduction, and one in which, though the suit for loss of service could be sustained, the damages would not be aggravated on the ground of a seduction. *Akerley* v. *Haines*, 2 Caines' R. 292.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt* and *J. Brownlee*, for the plaintiff.

*J. Smith*, for the defendant.