Nov. Term,
1858.

RICHARDSON
v.
FOUTS.

Monday,
January 10,
1859.

---

### RICHARDSON v. FOUTS.

Suit by a father for the seduction of his daughter. The Court refused to instruct the jury that "mere proof that the defendant has, at one or more times, had sexual intercourse with said *E.*, is not sufficient to maintain this suit." But, on motion by the defendant, the Court instructed to the effect that the jury should find for the defendant, unless the plaintiff had proved that the defendant got his daughter with child. *Held*, that the substance of the instruction refused, being contained in that given, the refusal of the former was not error.

The defendant asked the following instruction: "If you believe the plaintiff, the father, has misconducted himself in relation to his daughter, in allowing the defendant, a married man, to visit her as a suitor, and placing her in exposed situations, he cannot prosecute this action." The Court refused the instruction in that form, but after striking out the words, "he cannot prosecute this action," and inserting the words, "it is a circumstance you have a right to consider, in determining his right to recover," &c., it was given.

*Held*, 1. That the instruction might have been refused for not containing the further condition, that the plaintiff knew the defendant to be a married man.

2. That the instruction, as given, was more favorable to the defendant than he had a right to ask.

The Court gave the following instruction: "A disposition on her (the said *E.'s*) part to prevaricate, if upon immaterial points, should not affect her credit, if in her material statements she was corroborated by circumstances, or by other witnesses." The following was also given, on motion by the

defendant: "You should, in estimating the credibility of *E.*, take into consideration any variation in her testimony before the justice, &c., on the bastardy trial, and here; also any confession or statement made by her at any other time, whether in writing or otherwise, which does not agree with her statements upon this trial; also her manner of testifying, and her contradictions, if any; also her position in this trial, as the daughter of the plaintiff," &c. *Held*, that, taking these instructions together, the.former could not have misled the jury.

Upon the trial, after the argument had commenced, the Court permitted the daughter to explain her testimony. *Held*, that the Court must, in such cases, be permitted to exercise a sound discretion; and that all the evidence not being in the record, this Court cannot say that the Court below exceeded this discretion.

Nov. Term,<br>1858.<br>——————<br>RICHARDSON<br>v.<br>FOUTS.

APPEAL from the *Cass* Circuit Court.

HANNA, J.—This suit was brought by *Fouts* against *Richardson*, for the seduction, &c., of *Elizabeth*, the daughter of said *Fouts*.

Monday,<br>January 10,<br>1859.

The questions presented by the appellant are—

*First.* Upon the instructions given and refused by the Court.

*Second.* Upon the admission of evidence.

The first point made by the appellant, in his brief, upon the instructions, is, that it was error to refuse the following, asked by him:

"Mere proof that the defendant has, at one or more times, had sexual intercourse with said *Elizabeth*, is not sufficient to maintain this suit."

Whether it was error to refuse the instruction, it is not necessary to decide, for the reason that the Court gave it, substantially, in another asked by the defendant, to the effect that the jury should find for defendant unless the plaintiff had proved to their satisfaction that the defendant got his daughter with child. But see *Knight* v. *Wilcox*, 4 Kern. 416; *Boyle* v. *Brandon*, 13 Mees. and Wels. 738.

An instruction in the following words was asked by the defendant:

"If you believe the plaintiff, the father, has misconducted himself in relation to his daughter, in allowing the defendant, a married man, to visit her as a suitor, and placing her in exposed situations, he cannot prosecute this action."

The Court refused to give the instruction in that form, but struck out the words, "he cannot prosecute this action," and after substituting therefor the words, "it is a circumstance you have a right to consider, in determining his right to recover in this case," the Court gave the instruction.

The Court was asked, by the original instruction, to say to the jury, that if they found a certain state of facts to exist, then the law would interpose and prevent the plaintiff from maintaining his suit. By refusing the instruction as asked, and giving it as modified, the Court, in effect, decided that such a state of facts, if found, should not defeat the suit absolutely, but might do so, as the jury should determine.

The Court might have refused the instruction altogether, for the reason that it assumed the existence of a fact, to-wit, that defendant was a married man, and is silent upon the question of knowledge, upon the part of plaintiff, of that fact.

In treating of defenses to this action, Mr. GREENLEAF (2 Greenl. Ev. § 578), says: "He [the defendant] may also prove, in bar of the action, that the plaintiff was guilty of gross misconduct in permitting the defendant to visit his daughter, as a suitor, after he knew that he was a married man, and had received a caution against admitting him into his family." See, also, *Reddie* v. *Scoolt*, 1 Peake, 240; *Akerly* v. *Haines*, 2 Caines, 292; *Id.* 219; 3 Steph. Nisi Prius, pp. 2351, 2353.

In *Van Vacter* v. *M'Killip*, 7 Blackf. 580, this Court decided that there was no error in the refusal of an instruction to the effect that the ill temper of a husband, or the fact that he and his wife lived unhappily together, and occasionally came to blows, might be considered in mitigation of damages, in an action for debauching the wife. The legal principles and rules governing a suit of that character, are very much in point, and, in most instances, applicable in a suit for the seduction of a daughter.

Mr. GREENLEAF, in the section above quoted, it appears to us, has stated the law as favorably for a defendant, as

Nov. Term,
1858.

RICHARDSON
v.
FOUTS.

the authorities will sustain. We have not been pointed to, nor do we know of, any case in this Court in which the question has been directly decided. But indirectly, we are given to understand that the point was in the mind of the Court in the case of *Hill* v. *Wilson*, 8 Blackf. 123, where certain acts are mentioned as sufficient to support the suit "where there was no connivance by the plaintiff." And, in the case in 7 Blackf. above referred to, instructions were silently approved, or at least not disapproved, in which it was assumed that the defendant might defeat the charge of criminal conversation "by showing that the connection had taken place with the privity or consent of the plaintiff."

The tendency of these decisions would appear to be, that the gross misconduct and knowledge spoken of by GREENLEAF, must be such as to satisfy a jury that the father had connived at, was privy, or had consented to, the seduction of his daughter. Without deciding the point, as to whether the law is, as the tendency of the cases cited appears to indicate, we think the instruction refused does not come up even to the authority in GREENLEAF. It is assumed in that instruction, that any misconduct of the father towards his daughter, in suffering a married man to visit her as a suitor, whether that misconduct was slight or gross, or whether he was aware of the fact that he was a married man or not, would be a bar to his right to recover. The father may have been guilty of slight misconduct in suffering the defendant to visit his daughter, even if he had been an unmarried man, and he may not have known he was a married man, although in point of fact he may have been.

For these reasons, the instruction asked was properly refused, and that given was more favorable to the defendant than he had a right to ask.

The next point is raised upon the following instruction given by the Court:

"A disposition on her part (the said *Elizabeth's*) to prevaricate, if upon immaterial points, should not affect her credit, if in her material statements she was corroborated by circumstances, or by other witnesses."

It is urged with much earnestness, that this instruction is wrong. Whether the instruction, as an abstract proposition, is right or wrong, we are not called upon to decide, in this case, because of the following instruction given on motion of defendant:

"You should, in estimating the credibility of *Elizabeth Fouts*, take into consideration any variation in her testimony before the justice of the peace on the bastardy trial, and here; also any confession or statement made by her at any other time, whether in writing or otherwise, which does not agree with her statements upon this trial; also her manner of testifying, and her contradictions, if any; also her position in this trial, as the daughter of the plaintiff; all these things may be considered by you in weighing her evidence."

Taking these two instructions together, we do not see how the one complained of could have misled the jury.

The second point, as to the admission of evidence, arises out of the fact that, after the argument had commenced, the Court permitted the witness, *Elizabeth Fouts*, to explain her testimony before that time given. She had sworn, upon her principal examination, that she had never had sexual intercourse with any other person but the defendant. He introduced one *Doran*, who testified to acts of that character with himself, at her father's house. She was then recalled by the plaintiff, and asked if she had, about the time stated by *Doran*, had "connection with him at her father's house." She replied she did not think she had. She was then asked if she had ever had "connection" with said *Doran*, and she replied that she had at her father's house. And, in answer to a question whether she understood the meaning of the word "connection," she said she did. After the argument to the jury had begun, she asked leave to state to the jury, and the Court permitted it, "that she supposed the word *connection*, as used in her previous examination, meant the same as *conversation*, and that she had never had sexual intercourse with the said *Doran*."

The judge who presides at the trial must be permitted

to exercise a sound legal discretion in regard to many things, connected with such trials; and we cannot revise his rulings in the exercise of that discretion, whilst he keeps within that limit. We cannot say that he exceeded it in this case. The evidence is not all in the record; and we are not informed of the situation in life, education, or intelligence of this witness, other than the above answers would appear to indicate, and the allegation in the complaint that she was fourteen years old.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*D. D. Pratt* and *S. C. Taber*, for the appellant.