## VOSSEL vs. COLE.

1. A mother cannot maintain an action for the seduction of her daughter, where such seduction occurred during the life of the father, although the birth of the child occurred after the death of the father.

2. A parent may maintain an action for the seduction of a daughter over the age of twenty-one years—but in such case there must be some actual service rendered by the daughter. The very slightest acts of service will however be sufficient.

3. The connivance of the parent will bar an action.

## ERROR to St. Charles Circuit Court.

NAPTON, J., *delivered the opinion of the Court.*

Catherine Vossel brought an action on the case against the appellee,. Cole, for debauching her daughter, Clara Maria, whereby she lost her services and society, and was subjected to expense during the pregnancy of her said daughter, &c. The defendant pleaded five pleas. 1. Not guilty. 2. That at the time the plaintiff's daughter became pregnant, the said plaintiff was living with her husband, then in full life and the head of the family. 3. That at the time the plaintiff's daughter became pregnant, said daughter, was not the servant of her mother, but was over twenty-one years of age, and was then and there living and cohabiting with one Frederick Klote, &c. 4. That during all the period: of time in the plaintiff's declaration mentioned, the plaintiff's daughter was of full age and mistress of her own time and conduct; that she only occasionally visited her mother; that she was notoriously in habits of sexual intercourse with any person of the male sex, &c., and that this conduct was encouraged and sanctioned by her mother. 5. That before plaintiff's daughter was gotten with child, it was understood by plaintiff, that defendant was a bachelor, of good moral character, and handsome property, but of strong passions, &c.; that it was therefore contrived between plaintiff and her daughter, that the daughter should throw herself in defendant's way, with a view to the result which happened, &c., &c., intending to make a speculation thereby, &c.

To the four last pleas, the defendant filed a general demurrer. The demurrer was overruled and judgment given on the demurrer.

The second plea presents the question, whether the mother can main-

·tain this action, where the seduction occurred during the life of the father. In New York some of the decisions seem to determine this question affirmatively. In Sargent vs. Dennison, (5 Cowen, 106,) a widow had bound out her daughter as an apprentice, and whilst out at service, the daughter was seduced, upon which, the indentures were cancelled and the daughter returned to the mother's house and lay in there. The court held, that the action was well brought by the mother. It was conceded, that trespass could not have been sustained, but it was said that in the action on the case, it was not material who was entitled to the services of the female at the time of the seduction, and that the only enquiry was, upon whom the consequential injury had fallen. The same doctrine is maintained in Van Horn vs. Freeman, 1 Halst. R., 322, and Coon vs. Moffat, 2 Penn. R., 583. In Logan vs. Murray, (6 Serg. and Rawl., 175,) the contrary was maintained. That was an action of trespass, and it appears that the daughter was living with her father when she was debauched, and after his death continued to reside with the mother, who brought this action. The court held, that the alleged trespass, having been committed upon the father, its consequences could not give a cause of action to the mother. Between the mother and the daughter, at the time of the trespass, the relation of master and servant did not exist.

These cases are not easily reconciled, though the action in Pennsylvania was trespass and those upon which the Supreme Court of New York decided, were upon the case. This action for seduction, in whatever form it may be brought, is founded upon the supposed loss of service by the plaintiff, and it must of course be alleged and proved that the relation of master and servant existed when the injury was committed. It is so averred in the declaration in this case, 2 Chit. Pl., 643. The plea avers a state of facts, which shows that this relation did not exist at the time of the trespass. If the father was entitled to the action, when the illegal act was done, how can the mother maintain an action for the consequences of that act? The action either died with the father or survived to his representatives. It certainly did not survive to the mother.

This action can only be sustained upon the idea, that the pregnancy and consequent expense and loss of service, constitute a distinct ground of action, exclusive of the original trespass. If so, it is an anomaly in the law. When the seduction occurred, the father could have brought trespass, or if he had lived until after the confinement and illness of his daughter, he could have brought case. His death must either have extinguished this right of action, or it must pass to his personal representatives.

The apparent hardship of leaving the mother remediless, notwithstanding all the expense and trouble has fallen upon her, is only what may occur in numerous other instances where personal actions die with the person.

The third plea is bad. Where the daughter is over twenty-one years of age, there must exist some kind of service to entitle the parent to sue, but the slighest acts have been held to constitute the relation of master and servant. The cohabitation with Klote charged in this plea, is not stated to have occurred elsewhere than under the roof of the plaintiff. Martin vs. Payne, 4 Johns. R., 175; Hornketh vs. Barr, 8 S. & R., 36; Applegate vs. Ruke, 2 Marsh. R., 127.

The fourth plea sets up a variety of matters, distinct in their character; first, that the daughter was over age; second, that she only occasionally visited her mother; thirdly, that her habits were bad; fourth, that her mother connived at her incontinence. It is hardly necessary to add that this plea is bad.

The fifth plea seems designed to retaliate the charge of seduction upon the plaintiff and her daughter. There is no doubt that the connivance and consent of the parent is a bar to this action. Eager vs. Stigeland, 2 Caine's R., 218. But this plea is not so framed as to place this issue before the jury.

Judgment affirmed.