MARGARET HEINRICHS, Plaintiff in Error, *v.* HENRY KERCH-NER, Defendant in Error.

*Action—Party.*—The father is the party entitled to the services of a daughter living in his family, and the mother cannot maintain an action for the seduction of the daughter if the father was living at the time of the seduction, although he may have died before the daughter gave birth to a child.

*Error to Cole Circuit Court.*

*Ewing, Belch* and *Smith,* for plaintiff in error.

I. The instructions asked by plaintiff ought to have been given. (2 Black. Com. 142; Sand. Plead. 350; 10 Mo. 634; 3 Snead, 30; 5 Cow. 106.) The instructions given for defendant were erroneous. The above citation of authorities clearly shows that defendant's instructions were improper and illegal.

*E. L. King*, for defendant in error.

The law is clear that the mother cannot recover when the father of the daughter seduced was alive and at the head of the family at the time of the seduction, notwithstanding the lying-in of the daughter happened after the death of the father. (Vossel v. Cole, 10 Mo. 634; Logan v. Murray, 6 Serg. & Rawl. 175.) The court below did not err in giving the first instruction asked by defendant. The petition in this cause shows beyond question this to be a case in trespass. (2 Chit. Plead. 643.) If it is a case in trespass, then all the authorities agree that it cannot be maintained.

But whatever may be the form of this kind of an action, it is founded on the supposed loss of service to the plaintiff, and as a matter of course the relation of master and servant must be averred and proved to have existed when the injury was committed. The relation is averred in the declaration in this case; it must be proved. (Vossel v. Cole, 10 Mo. 634; Logan v. Murray, 6 Serg. & Rawl. 175; Dean v. Peel, 5 East. 45; Miller v. Thompson, 1 Wend. 447; Martin v. Payne, 9 Johns. 387; Nickelson v. Stryker, 10 Johns. 117.)

BATES, Judge, delivered the opinion of the court.

This is an action for damages for the seduction by the defendant of a daughter of the plaintiff, whereby the daughter became pregnant and bore a child, by which means the plaintiff lost her services, &c. It appeared in evidence that the husband of the plaintiff was living at the time the defendant seduced their daughter, but that the husband of the plaintiff died before the birth of the child, and the court instructed the jury as follows:

" If the husband of the plaintiff and father of the daughter Margaretha was alive, at home, and the head of the family at the time of the alleged seduction, they will find for the defendant, notwithstanding the child was born after the death of the husband of plaintiff."

Upon the giving of that instruction the plaintiff took a non-suit, and brought up the case to this court. The injury done by the seduction was done at the time of the seduction, and the defendant's liability was to the person or persons then injured. The action by a parent for the seduction of a daughter being based upon the supposed loss of the services of the daughter, can only be maintained by the person to whom the services were due, and during the life of the father, he as the head of the family was entitled to her services, and consequently was the person injured. The mother could not have sued during the lifetime of the husband, and the birth of the child afterwards did not give her a right of action. (Vossel v. Cole, 10 Mo. 634.)

Judgment affirmed. Judges Bay and Dryden concur.