## FANNY ABRAHAMS *vs.* PATRICK KIDNEY.

A ruling that an action for seduction of the plaintiff's daughter cannot be maintained, unless the seduction was followed by pregnancy or sexual disease, is erroneous.

TORT for seducing the plaintiff's minor daughter, " whereby she became sick and unable to render·service to the plaintiff." Trial in the superior court, before *Lord*, J., who allowed the following bill of exceptions:

" The declaration contained no allegation, and it was not contended, that the defendant's seduction of the plaintiff's daughter was followed by pregnancy or any sexual disease. Evidence was offered to show that, by reason of the seduction, and the general injury to the health of the daughter consequent thereon it became necessary for the plaintiff to send her to New York

for her health, and that, by so sending her, the plaintiff incurred great expense, together with the loss of her services. But the judge excluded this evidence, ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant, which was done ; and the plaintiff alleged exceptions." ·

*C. Cowley,* for the plaintiff.

*J. Nickerson,* for the defendant.

MORTON, J. At the trial of this case, the plaintiff offered to show that, by reason of the seduction, and of the general injury to the health of the daughter consequent thereon, she lost the services of her said daughter. It having appeared that the defendant's seduction of the daughter was not followed by pregnancy or by any sexual disease, the presiding judge excluded the evidence, and ruled that the action could not be maintained. The bill of exceptions is very brief, and does not state the grounds upon which the ruling was based ; but we think that, upon a fair construction of it, the ruling was to the effect that an action for seduction cannot be maintained unless it is followed by pregnancy or sexual disease. We are of opinion that this ruling was erroneous.

The rule which governs the numerous cases upon this subject is, that where the proximate effect of the criminal connection is an incapacity to labor, by reason of which the master loses the services of his servant, such loss of service is deemed to be the immediate effect of the connection, and entitles the master to his action. The same principle which gives a master an action where the connection causes pregnancy or sexual disease applies to all cases where the proximate consequence of the criminal act is a loss of health resulting in a loss of service. There may be cases in which the seduction, without producing pregnancy or sexual disease, causes bodily injury, impairing the health of the servant and resulting in a loss of services to her master. So the criminal connection may be accomplished under such circumstances, as, for instance, of violence or fraud, that its proximate effect is mental distress or disease, impairing her health and destroying her capacity to labor. In either of these cases, the master may maintain an action, because the loss of services

is immediately caused by the connectic¬, as much as in cases of pregnancy or sexual disease. *Vanhorn* v. *Freeman,* 1 Halst. 322. But if the loss of health is caused by mental suffering, which is not the consequence of the seduction, but is produced by subsequent intervening causes, such as abandonment by the seducer, shame resulting from exposure, or other similar causes, the loss of services is too remote a consequence of the criminal act, and the action cannot be maintained. *Boyle* v. *Brandon,* 13 M. & W. 738. *Knight* v. *Wilcox,* 4 Kernan, 413.

In the case at bar, as the ruling appears to have been general, that the action could not be maintained unless pregnancy or sexual disease was proved, we think a new trial should be granted. *Exceptions sustained.*