Comer v. Taylor.

---

COMER v. TAYLOR, *Plaintiff in Error.*

1. **Seduction under Promise of Marriage**: PARTY. The injured woman alone can maintain an action for seduction, accomplished under a breach of promise of marriage.

2. **Seduction**: ACTION BY PARENT FOR LOSS OF SERVICE: EVIDENCE. Proof of promise of marriage is not permissible in an action by a parent for the loss of service of his daughter caused by her seduction.

3. ——— : ——— : ———. There can be no recovery by the parent in such action, unless the defendant is the father of the child.

4. **Damages**: SEDUCTION : MEDICAL ATTENDANCE. In such action the parent will be entitled to recover for medicine and medical attendance, if reasonable, whether he has paid the sum due therefor or not.

5. ——— . ——— : MISCONDUCT OF THE WOMAN. Where the carnal intercourse is occasioned as much by the misconduct of the woman as that of the man, there can be no exemplary damages.

6. **Instructions.** Instructions should not assume the truth or controverted facts.

7. **Seduction**: DAMAGES. No recovery can be had for the wounded feelings of plaintiff's family in an action for seduction of his daughter, based on the loss of her service

*Error to Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED

| 82 | 341 |
| 46a | 393 |
| 82 | 341 |
| 111 | 551 |
| 82 | 341 |
| 120 | 559 |
| 82 | 341 |
| 59a | 578 |
| 82 | 341 |
| 67a | 302 |
| 82 | 341 |
| 68a | 321 |
| 82 | 341 |
| d81a | 44 |
| 82 | 341 |
| 161 | 348 |
| 82 | 341 |
| 171 | 6529 |

*A. W. Anthony* for plaintiff in error.

Defendant's refused instruction numbered 2 should have been given. *Roberts v. Connelly*, 14 Ala. 239; *Boyd v. Bird*, 8 Blackf. (Ind.) 113; *Hill v. Wilson*, 8 *Ibid* 123. The court also erred in refusing defendants instruction, to the effect that if plaintiff's daughter was over eighteen years at the time of the alleged seduction, he was not entitled to recover, unless the relation of master and servant existed between them. *Nicholson v. Striker*, 10 Johns. 115; *Bartley v. Richtmyer*, 4 Com. 78. She was of full age at 18. *Caho v. Endress*, 68 Mo. 224. The court also erred in refusing defendant's instruction numbered 7, which told the jury that if plaintiff knew that the course and conduct of his daughter would terminate in illicit intercourse, and that such conduct was allowed by him with no attempt at restraint, they should find for defendant. *Reddie v. Scoelt*, 1 Peake 316; *Seager v. Sligerland*, 2 Caine's Rep. 219; *Smith v. Mastin*, 15 Wend. 270; *Fletcher v. Randall*, Anth. N. P. 267. The instruction asked by defendant that unless they believed the defendant was the father of the child, as alleged in the petition, the jury should find for defendant should have been given. *Eager v. Greenwood*, 1 Exch. 61. Instruction numbered 11, limiting the damages to those proved to have been actually sustained should have been given. So, also, numbers 12 and 13, limiting the amount of damages for medical attention to the sum actually paid. *Dixon v. Bell*, 1 Stark. N. P. C. 289. The instructions given for plaintiff are vicious, in that they make no distinction between carnal knowledge and seduction; a party is liable to the master for debauching his servant, thereby incapacitating her for service, to the amount of damages actually sustained, but punitory damages are only given in cases of seduction, and then not unless the seduction is clearly proved, and the daughter is shown to be a confiding victim to the wiles of the seducer. *Volenti*

*non fit injuna.* The court committed error in excluding the question asked Sarah Comer, whether her older sister had not an illegitimate child seven or eight years of age. *Flint v. Clarke,* 13 Conn. 361. The plaintiff in aggravation of damages may show that he has other children, their general good conduct and how they may be affected by the injury to the seducer. 3 Esp. Rep. 120 ; and surely the contrary may be shown by defendant in mitigation of damages.

*Stover & Neilson* for defendant in error.

The two instructions given for plaintiff correctly presented the law and taken in connection with defendant's number 3, put the issues and law fairly and plainly to the jury. Most of the instructions asked by defendant and refused, particularly numbers 2 and 7 were without evidence upon which to base them, and were for that reason rightly refused. *Utley v. Tolfree,* 77 Mo. 307 ; *Price v. Railroad Co.,* 77 Mo. 508. These instructions were also inconsistent with the defense made by the answer. *Nugent v. Curran,* 77 Mo. 323.

PHILIPS, C.—This is an action for seduction by Jesse Comer, the father of Sarah Comer, against the defendant, Thomas B. Taylor. The petition contains the form of three counts. The first count of the petition states, in substance, that about the 15th day of February, 1877, defendant debauched and carnally knew Sarah Comer, the daughter of plaintiff, whereby she became pregnant and sick with child and so remained and continued for the space of nine months, and that at the expiration of said time, to-wit: December 6th, 1877, she was delivered of the child, and in consequence thereof she was unable to do the work of plaintiff. That he paid out large sums of money in and about the nursing and taking care of Sarah and the child, to the damage of plaintiff in the sum of $1,000.

The second count is similar to the first, with the additional averment, that plaintiff's daughter, under and by reason of a promise of marriage, was, by the defendant seduced, debauched, etc.; that in consequence thereof plaintiff lost her services; and was compelled to and did pay out divers sums of money in and about the delivery of the child, amounting in the aggregate to the sum of $500, for which plaintiff asks judgment.

The petition then concludes as follows: "Plaintiff further states that by reason of the several premises aforesaid, he has been brought into public scandal, infamy and disgrace amongst his neighbors, etc., and has been greatly wounded in mind and feelings, and has suffered great anxiety and pain of mind, and has otherwise suffered and been greatly injured to his damage $1,000, for which plaintiff also asks judgment against defendant. Wherefore, plaintiff states that by reason of all the several premises aforesaid he has been damaged in the total sum of $2,500, for which he asks judgment against the said defendant, together with costs."

The answer tendered the general issue. The plaintiff recovered judgment for $1,216. From said judgment defendant prosecutes this writ of error. Plaintiff's evidence tended to establish the issues on his part, while the defendant's evidence tended to show that the act of intercourse was without seduction and that he was not the father of the child born to said Sarah. Plaintiff's evidence, also, showed that Sarah was 26 years old at the time of the alleged seduction living with her father.

I. There was no occasion for employing three counts in this petition. The plaintiff has but one cause of action, and the petition should contain a plain statement of the facts expressed in one count. The second count would seem to be predicated of a seduction accomplished under a breach of promise of marriage. For such breach of contract the woman alone could maintain action. In the action by the father, based on the loss of service, proof of the

marriage contract is not permissible. The furthest the courts have permitted the inquiry to go, is to ask if the defendant paid his addresses in an honorable way. Sedgw. on Dam. 517 (7 ed.); *Foster v. Scoffield,* 1 J. R. 297; *Clark v. Fitch,* 2 Wend. 464; *Gill v. Mead,* 7 Wend. 193. Proof of the marriage contract was given at the trial by plaintiff, but without objection from defendant.

II. The court erred in refusing the 10th instruction asked by defendant to the effect that, unless the jury believe from the evidence that the defendant is the father of the child they should find for the defendant. In a case, especially like this, where the daughter is over age and the plaintiff cannot legally demand her services, the very foundation of his action is that the relation of master and servant subsisted in fact between him and his daughter at the time of the seduction and consequent loss of service, and expense thereby incurred. *Millar v. Thompson,* 1 Wend. 447; *Vossel v. Cole,* 10 Mo. 635; *Roberts v. Connelly,* 14 Ala. 235. The logical result of this postulate must be that unless the pregnacy and confinement which occasion the loss, follow the act of intercourse between defendant and the daughter, the father cannot maintain this action. As Alderson, B., in *Eager v. Grimwood,* 1 Exch. Leg. Ob. 34, p. 360 says: "It is clear that the parent cannot maintain this action where the daughter is in the service of another person which shows that the action is founded on the loss of service. Now if the mere fact of connection is to be held a loss of service it is difficult to see where it would end. Suppose a servant took a walk contrary to the orders of her master would that be a loss of service?" This is the recognized law. 2 Greenl. Ev. (14 Ed.) par. 577; *Knight v. Wilcox,* 14 N. Y. 413. There was evidence before the jury to warrant the giving this instruction, for the defendant testified that he did not have intercourse with the woman within ten months of her accouchment.

III. The court gave an instruction at the instance of plaintiff, authorizing the jury to allow plaintiff for medic-

inal attention and medicines given his daughter and refused one asked by defendant to the effect that plaintiff could only recover the amount actually paid out by him for such purpose. If, as matter of fact, the plaintiff incurred liability for medicines and medical attendance he would be entitled in this action to recover the same, if reasonable, from the defendant, whether he had or had not paid the amount. Being bound therefor he is entitled to recover the same from the responsible agent occasioning the expenditure. *Leisse v. St. L. & I. M. R. R. Co.*, 2 Mo. App. 105; *Klein v. Thompson*, 19 O. St. 569; *Gries v. Zeck*, 24 O. St. 329; *Forbes v. Loftin*, 50 Ala. 396; 1 Sedg. on Dam. 39. There is no evidence, however, preserved in the bill of exceptions to show that any such services were rendered in this case at the instance and request of plaintiff, or that he had expended a cent.

IV. The defendant asked and the court refused the following instruction:

2. The court instructs the jury that sexual intercourse may take place without seduction, where both parties desire it, and the impulse is mutual, and if in this case the jury believe from the evidence that both parties desired it, and the impulse was mutual, then the plaintiff cannot recover exemplary damages.

We are of the opinion that the court erred in refusing this instruction. The prime basis of this action being the loss of the service of the daughter, her incontinence and guilty conduct in inducing the cohabitation would not wholly defeat the action. The loss of her service and the expense and trouble attending her confinement would be the same to the father, as if she were chaste and had been actually debauched. In such case the amount of his recovery would be limited to such loss. *Akerley v. Haines*, 2 Caines 291. On the other hand, it is as equally well settled that criminal connection may take place without seduction, and if the seduction be not satisfactorily proven no damage for it can be recovered. 2 Sedg. on Dam. (7 Ed.) p. 515.

In *Hill v. Wilson*, 8 Blackf. 123, Blackford, J., says: "Supposing the daughter to have been unchaste, and the alleged carnal intercourse to have been occasioned as much by her misconduct as by that of the defendant, the latter would not then have been guilty of seduction. That would be a case of criminal connection without seduction, and one in which, though the suit for loss of service could be sustained, the damages would not be aggravated on the ground of seduction." Not only did the evidence of the defendant tend directly to show that the woman was unchaste and as willing as the defendant, but the attending circumstances, the time and place, and manner of cohabitation and its long continuance were such as might satisfy a reasonably apprehensive jury that "the carnal intercourse was occasioned as much by her misconduct as by that of the defendant." In such cases the maxim *volenti non fit injuria*, is a fit expression of the law. *Robinson v. Musser*, 78 Mo. 153.

V. The second instruction given on behalf of plaintiff is as follows: "The jury are instructed that if they should find for the plaintiff they shall assess his damages at any sum not exceeding $2,500. And in determining the amount of damages the jury may take into consideration the deep anxiety and mental pain suffered by plaintiff and the loss of the society and comfort of his said daughter, also the injury done to the feelings, affections and wounded pride of himself and family, and the condition in which the daughter of plaintiff was left by reason of said seduction; and they may, also, take into consideration the injury done to the character and good name of plaintiff's daughter and servant, and the loss of marriage and consequent disgrace, and for being brought into public scandal, notoriety and shame by means of said seduction by defendant." This instruction is pregnant with vice. It is too comprehensive. It assumes, all the way, facts disputed and in issue. It assumes that plaintiff had deep anxiety and affections, that he had suffered mental pain and wounded pride, that the daughter had good character

which was brought into disgrace and scandal, and that the defendant did seduce her. These were all facts disputed by the general denial and were to be found by the jury from the evidence. Nor are we aware of any authority in this character of action to warrant that part of the instruction directing the jury to allow the father damages based on the future condition of the daughter and child, or for her loss of marriage and consequent disgrace, etc.

VI. When Sarah Comer was on the witness stand the defendant, on cross-examination, asked her if an elder sister of hers had an illegitimate child some seven or eight years ago? The court refused to allow this question. This is assigned for error by defendant. It does not appear from the bill of exceptions whether this sister was a member of plaintiff's family or household at the time of her misfortune, or whether she had since resided in it, or any of the attending circumstances of the imputed misconduct. Under such state of the record we are unable to say that any error was committed by the court in rejecting the question. It would be a harsh rule to establish that because forsooth a daughter, years before had brought shame and reproach upon a father's home, it could no longer be the abode of virtue, nor under the law's protection against the lecher and seducer, or that the father, who had not connived at either misstep, might not feel as keenly the pangs of reproach and dishonor upon himself and family for the second as for the first invasion and prostitution of his household. It should not escape remark, however, in this connection that, after objecting to this evidence, the plaintiff in said second instruction told the jury that in estimating the measure of plaintiff's damages they might take into the account the " wounded pride of plaintiff's family." It must hold good as a principle of equity and equality that if the plaintiff may have the character and wounded feelings of his family thrown into the scales in augmenting his damages, the quality of their character and sensibilities would be a legitimate subject of inquiry and investigation. If the family or

any member of it is wanting in chastity or moral sensibility the jury ought to know it, and its extent before estimating how much damage they will allow on account of the "wounded pride" of the whole family. If the plaintiff would not open up such inquiry he should omit it from his instructions. The family are not parties to the suit. No recovery can be had for their wounded feelings in this action. The jury in estimating the measure of plaintiff's damages, may take into consideration his anguish, etc., on account of the loss of the society and comfort of his child and the dishonor which he feels is brought upon himself and his home. 2 Sedg. on Dam. (7 Ed.) p. 516, note b; Opinion of Lord Ellenborough in *Southwood v. Ramsden,* Middx. Sitting, K. T., 1805; *Morgan v. Ross,* 74 Mo. 322, 323.

The judgment of the circuit court is reversed and the cause remanded. All concur.