## SIMPSON *v.* GRAYSON.

### Decided April 11, 1891.

1. *Seduction—Action for damages.*

   A father may sue for the seduction of his minor daughter, though he has allowed her to receive her earnings in the service of another of whose household she is a member, if he has not relinquished, past the power of recall, his right to control her services.

2. *Damages—Previous unchastity.*

   The damages which the father is entitled to recover are intended as compensation to him (1) as master for the loss of his daughter's services and for her lying-in expenses, and (2) as parent for the pain and disgrace which follow the wrong. Proof of her previous unchastity is admissible

to mitigate the recovery of the second class of damages; but if she was notoriously unchaste, and had so disgraced her family that defendant's conduct added nothing to her parent's suffering or to the danger of corrupting the family's morals, no damage can be awarded beyond what is suffered by the master as distinguished from the parent.

APPEAL from *Clay* Circuit Court.

J. E. RIDDICK, Judge.

The complaint alleges that, on December 10, 1888, appellant seduced appellee's daughter, from which she became pregnant, causing loss of her services to appellee. The answer denied each allegation of the complaint.

The daughter testified that she was living at appellant's house upon terms of intimacy with his family, though she worked for his wife; that she was under 18 years of age; that appellant paid her wages, but that her father did not receive any part of them; that appellant made frequent advances toward her, which she repelled; that he kept on until she consented, and he had sexual intercourse with her; that she never had intercourse with any other man. On this last point the testimony conflicted. Appellee testified that his daughter, while in appellant's employment, was subject to his right of recall, and that he had not emancipated her; that after returning from defendant's employment she was delivered of the child; that his actual expenditures on account of her confinement were $30, and the loss of services about $50; that, on account of this trouble and his daughter's condition, he suffered a great deal in mind.

There was a jury trial, and a judgment for the plaintiff in the sum of $750.

*F. G. Taylor* and *W. S. McCain* for appellant.

1. An unchaste woman cannot be the subject of seduction. While the father might recover actual damages if the daughter is unchaste, he cannot recover for wounded feelings. 21 Pac. Rep., 129; 22 Wis., 424; 40 Ark., 486; 2 Caines' Cases, 292; 24 Ark., 68.

2. If the daughter was in the service of another, the relation of master no longer exists, and the father cannot re-

cover.   Cooley on Torts, 272; Hastings on Torts, 159; 59 Eng. Com. Law; 6 M. & W., 55.

*G. B. Oliver* for appellee.

The American authorities, almost without exception, sustain the instruction (No. 2) given by the court.   24 Ark., pp., 65–6–7; 2 Gr. Ev., sec. 572, and note A, p. 576; Suth. on Dam., vol. 3, p. 737; Moak's Underhill on Torts, p. 342; Bishop, Non-Cont. Law, sec. 380; Bliss, Code Pl., sec. 28; 32 F., 66.

2.   Evidence of bad character only goes *in mitigation* of damages.   6 Rob. (N. Y.), 138; 17 Iowa, 30; 7 Car. & P., 308; 13 Ind., 46; 2 Gr. Ev., sec. 577; Moak's Underhill on Torts, pp. 87, 348; 3 Suth. on Dam., p. 743, n. 6; 24 Ark., 65.

1. What proof of service sufficient in action for seduction.

COCKRILL, C. J.   The common law regarded the father's action for the seduction of his daughter as an action of trespass for assaulting his servant, whereby he lost her services. It was based upon the relation of master and servant, and not upon that of parent and child; and the measure of damages was such only as a master would recover for a disabling physical injury to his servant.   The extent of the recovery has been enlarged by the courts, from the necessity of the case rather than from the principles which govern the action (seē remarks of Lord Ellenborough in *Irwin* v. *Dearman*, 11 East, 27), until compensation is awarded to the parent as such for the shame and mortification which the wrong brings upon him and his family.   No action could be maintained by the father for the injury in his parental capacity; but, in the struggle between substantial justice to the parent and the precedents in actions for seduction, the courts in England and America have clung to the latter and striven to attain the former, until the anomaly has been produced of requiring the action to be prosecuted by the father for an injury inflicted upon him in his relation of master, and permitting a recovery in his relation of parent.   The theory of an injury to the master is pertinaciously retained as the essential basis of the father's action, but it is now little

more than a legal fiction, used as a peg to hang a substantial award of damages upon as compensation, not to the master, but to the head of the family.

It is a logical sequence from that state of the law that proof of the mere nominal relation of master and servant should be sufficient to give the parent a footing in court to recover damages commensurate with his injury. It is accordingly established, in this country at least, that the father may maintain his action for the seduction of his minor daughter, although she is not a member of his household, but is in the actual employment of another, enjoying the fruits of her labor with her father's consent, if he has not relinquished, past the power of recall, his right to control her services. *Patterson* v. *Thompson*, 24 Ark., 55; *Kennedy* v. *Shea*, 110 Mass., 147; note to *Weaver* v. *Bachert*, 44 Am. Dec., 166; Bishop, Non-Contract Law, sec. 380.

The plaintiff in this case brought himself within the rule above stated, and was entitled to maintain his action.

There was proof in the case tending to show that the debauched daughter had had illicit intercourse with other men prior to her intercourse with the defendant. It is argued that the court should have instructed the jury that if they found that to be true, they could return damages only for the loss of services and lying-in expenses. That brings us to the other feature of the case already adverted to.

2. Damages — Previous unchastity.

As the injury which the father, as distinguished from the master, sustained by the seduction of his daughter depends, as Addison expresses it, "upon the value of her previous character" (2 Addison on Torts, *p. 89), it is competent for the defendant to show that she did not have a good character for chastity before his intercourse with her. Such proof diminishes the father's right of recovery, for the damages should be commensurate with the pain and disgrace which follow the wrong, and must vary according as the daughter has been unblemished or profligate. 1 Taylor, Evidence, section 356. If it is proved that she was notoriously unchaste prior to the defendant's intercourse with her, and had

thereby disgraced her family to such extent that the defend-
ant's conduct added nothing to her parent's suffering or to
the danger of corrupting the family's morals, no damages
could be awarded beyond what is suffered by the master,
as distinguished from the parent.  2 Hilliard on Torts (3d
ed.), p. 518.  If the proof falls short of that mark, evidence
of previous incontinence only mitigates the damages, for to
whatever extent the defendant's act, when it can be made
the foundation of a suit, has contributed to the girl's down-
ward tendency, to that extent he has injured the parent, and
must respond to him in damages.  2 Greenl. Ev., sec. 577;
1 Taylor, Ev., sec. 356; 2 Addison on Torts, 589; Moak's
Underhill on Torts, 348 ; *Stoudt* v. *Shepherd*, 73 Mich., 588,
598.  The action is in this respect like that of criminal con-
versation by the husband, in regard to which it has been
ruled that proof that the wife had formerly been unchaste
and sought illicit intercourse with the defendant did not ex-
cuse his adultery with her, but mitigated the husband's dam-
ages.  *Ferguson* v. *Smethers*, 70 Ind., 519.

It has been held that when carnal intercourse with a girl
takes place without seduction—that is, without the aid of
flattery and artifice, no recovery can be had by the father
beyond the loss of service and incidental expenses.  *Hill* v.
*Wilson*, 8 Blackf. (Ind.), 123 ; *Comer* v. *Taylor*, 82 Mo., 346.

As the girl's willing assent in the absence of the seducer's
arts is only evidence at most of a want of chastity, it would
follow that direct proof of unchastity should have the same
effect upon the father's recovery.   But, as we may have seen,
such proof goes only to mitigate the damages.  The cases
holding that criminal connection without seduction cannot
be the basis of the father's action appear to be based upon
a false analogy.   They seem to confound the statutory right
conferred in some of the States upon the female for the re-
dress of her own grievance against her seducer with the fath-
er's common law action for the injury which he sustains.   In
the statutory suit by the girl, as in the criminal prosecution
for the offense, there must be proof of seduction in its tech-

nical signification. *Polk* v. *State*, 40 Ark., 482. But the father's action is independent of the daughter's, and is based upon a different injury. When the ignominy which is heaped upon him is the measure of damages, the daughter's willingness does not excuse the defendant, for without his act the father had not been injured. It is not a case for the application of the maxim, *Volenti non fit injuria*, unless the father himself is at fault, as by connivance at the act.

It follows that the court did not err in rejecting the appellant's prayers for instructions. The charge of the court indicates a clear conception of the law applicable to the case when read in the light of the testimony. None of the assignments of error was prejudicial to the appellant. The judgment should therefore be affirmed.