WM. H. HARTMAN, Respondent, v. JOSEPH McCRARY, Appellant.

Kansas City Court of Appeals, December 3, 1894.

1. **Debauchment:** MASTER AND SERVANT: PARENT AND CHILD. In an action for the debauchment of a daughter, the relation of master and servant with the loss of services is the gist of the action, but very slight service is sufficient to establish the relation *de facto* between father and daughter; and such relation may be actual or constructive and is implied when the daughter is under age. But, if of age, the relation must exist at the time of the injury.

2. ———: ———: ———. The parent may recover for debauching his daughter over the age of twenty-one years if the relation of master and servant then exists though she may be residing with or in the employment of another, and it seems that under the recent American doctrine the true interest of the parent's right rests on the ground of his right to the daughter's services.

3. ———: ———: ———. The evidence in this case is *held* sufficient to send the case to the jury on the issue as to the existence of the relation of master and servant.

4. ———: SEDUCTION: INSTRUCTION. An instruction in this case which proceeds on the theory of the seduction of plaintiff's daughter is condemned, as no seduction is charged in the petition, but a debauching, which is another and different injury with a different rule of damages in respect thereto. Other instructions containing the same error are condemned.

*Appeal from the Daviess Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*Alexander & Richardson* for appellant.

(1) In action by father, seeking to recover more than compensatory damages against one who has debauched his daughter, he must allege and prove that the debauching was the result of seduction. *Smith v. Young*, 26 Mo. App. 575; *Comer v. Taylor*, 82 Mo. 346; *Bell v. Rinker*, 29 Ind. 267; *Delvee v. Boardman*, 20 Iowa, 446. (2) Proof of promise of marriage not admissible in action by parent for loss of service of daughter caused by seduction, and if evidence of promise of marriage is received, though the jury are cautioned not to consider it in assessing damages, the verdict will be set aside. *Clark v. Fitch*, 2 Wendell, 459; *Gillett v. Meade*, 7 Wendell, 193; *Whitney v. Elmer*, 60 Barbour, 250; *Brownell v. McEwing*, 5 Denio, 367; *Comer v. Taylor*, *supra*. (3) Action by father for seduction of daughter will not lie where daughter is of full age and not living in family, but in the actual employment of another, and this is true, though working under a contract made by her father, who was to receive her wages. *McDaniel v. Edwards*, 47 Am. Dec. 331 (7 Ired. Law, 408); *Martin v. Payne*, 9 John. 387 (6 Am. Dec. 288); *Postlewait v. Parks*, 3 Burr. 1878; *Vossel v. Cole*, 10 Mo. 634; *Miller v. Thompson*, 1 Wendell, 448; *Nickel-*

*son v. Striker*, 10 Johnson, 115; *Mercer v. Walmsley*, 9 Am. Dec. 486; *Dain v. Wycoff*, 7 N. Y. 191; 3 Sutherland on Damages, p. 738, and note 2; *Kennedy v. Shea*, 110 Mass. 147. (5) The action of seduction is not maintainable upon the relation of parent and child, but solely on that of master and servant. *White v. Nellis*, 31 N. Y. 405. (6) The daughter was of full age at eighteen. *Caho v. Endress*, 68 Mo. 224.

*Joshua F. Hicklin* and *Ed. E. Yates* for respondents.

(1) While it is true that in case the daughter is of full age, the father can not maintain action for seduction, unless relation of master and servant exists, yet daughter need not be at the very time living under the family roof, and very slight acts of service will suffice for the purpose of sustaining the legal fiction which is the basis of the action. *Sutton v. Huffman*, 32 N. J. Law, 58; *Greenwood v. Greenwood*, 28 Md. 370; *Ellington v. Ellington*, 47 Miss. 329; *Lamb v. Taylor*, 67 Md. 85; *Bennett v. Alcott*, 2 J. R. 116; *Vossel v. Cole*, 10 Mo. 634. (2) While the action is based upon this legal fiction (loss of service), it is in reality for the aggravated injury that the father has sustained in the seduction of the child, and the policy of the courts is to give the parent his remedy if upon any kind of a reasonable view of the facts, the relation of master and servant can be said to exist. Schouler's Domestic Relations [3 Ed.] pp. 361, 362.

SMITH, P. J.—This is an action by the father and master to recover damages for the debauching of his daughter. The petition states that the defendant did wrongfully debauch and carnally know, Anice Hartman, then and there being the daughter and servant of plaintiff, whereby the said Anice Hartman became

pregnant and sick with child, and so remained for the space of nine months, when she was delivered of a child, whereby said Anice Hartman became and was during all of the period aforesaid, unable to do or perform the necessary affairs and business of the plaintiff, and plaintiff was thereby deprived of her services and society, and was further obliged to, and did, lay out and expend large sums of money for medicines, nursing, and medical attendance and care of said Anice Hartman and in the delivery of said child; that by reason of defendant's said wicked, willful and wrongful acts, plaintiff has been greatly injured in his feelings, and has suffered great anxiety and pain of mind, and has lost the services and comfort of the society of his said daughter, all to the damage of plaintiff in the sum of $5,000, for which he prays judgment.

The answer was a general denial. There was a trial, resulting in a judgment for plaintiff in the sum of $1,000, to reverse which the defendant has appealed. The defendant objects that the trial court erred in refusing his third instruction, which was to the effect that under the pleadings and proof, the verdict of the jury should be for defendant.

It is quite true that the evidence tends to show that the plaintiff's daughter was at the time of the commission of the grievance, of which he complains, twenty years of age, and that for several years prior thereto she had occasionally worked out by the week, receiving her wages therefor, which she applied to her own use, with the approbation of the plaintiff. It further tends to prove that the contract under which she went to work for McCrary, the defendant's father, was made by her, and that the plaintiff neither claimed nor received any part of her wages therefor. But while these facts indisputably appear, it further appears also that when not employed elsewhere she would remain

at home with plaintiff, doing "outside manual labor on the plaintiff's farm." She would work just like the rest of the plaintiff's family, and the plaintiff paid her no wages. He would furnish her clothes when she did not earn enough out to buy them herself. This was the case before as well as after she was of age. The evidence further discloses that plaintiff's daughter was debauched while she was in the employment of McCrary and away from the home of plaintiff.

It has long been understood that the gist of an action like this, is that of master and servant and the loss of service, very slight service is sufficient to establish the relation *de facto* between father and daughter, yet it is requisite to show some service in order to have that effect. The relation may be actual or constructive, but one or the other must be established at the time of the injury, or the action will fail. When the daughter is under age, unless emancipated, the law implies the relation. But if she be of age, she is in law emancipated from parental authority and may dispose of her time and earnings at pleasure. In the latter case, in order that the father may maintain an action of this kind, the relation of master and servant must exist at the time of the injury.

*Postlewait v. Parkes*, 3 Burr. 1878, adjudged in the court of King's Bench in 1766, was where plaintiff's daughter, being twenty-five years of age, hired herself to one Saul as a servant and went to live with him, serving him for some time. During her service she was gotten with child by the defendant, becoming in consequence of her pregnancy unable to perform further service for Saul, she was received by plaintiff, her father, who lodged, boarded and maintained her while lying-in at his own expense. The question arose whether plaintiff could maintain the action, which was trespass *vi et armis*, for assault upon his daughter and

getting her with child. The declaration concluded with a *per quod servitium amisit.* Lord MANSFIELD, in speaking for the court, said: "There can be no doubt but that the court were all of opinion that the action could not be maintained."

In *McDaniel v. Edwards,* 3 Iredell, 408, it was declared that an action by a father for the seduction of his daughter would not lie when the daughter was of full age and not living in her father's family, but in the actual employment of another person, though her father was to receive a part of her wages, and citing with approval *Phipps v. Garland,* 3 Dev. & Bat., 44. In *Mercer v. Walmsley,* 5 Harr. & J., 27, it was ruled that if the daughter is living with her father rendering service, that connection is sufficient, although she is over twenty-one years. This case is quoted with approval in *Greenwood v. Greenwood,* 28 Md. 370. In *Lamb v. Taylor,* 67 Md. 85, it was determined that a father may maintain an action for the seduction of his adult daughter, provided she is living with him and rendering him any service, however slight. And a similar statement of the law was made in *Martin v. Payne,* 9 Johnson (N. Y.), 385.

In *Dain v. Wycoff,* 3 Selden, (N. Y.) 191, it was said that the action is founded on loss of service, and in order to maintain it, the relation must be actual or constructive. If the plaintiff is not receiving the services of his daughter at the time, he must be in a situation to have the legal right to command them at pleasure. *Vosel v. Cole,* 10.Mo. 634, was an action by plaintiff for debauching his daughter. The defendant pleaded several pleas, one of which was, that at the time plaintiff's daughter became pregnant said daughter was not the servant of the mother but was over twenty-one years of age and was then and there living and cohabiting with Klote, etc. In respect to this plea

Judge NAPTON, who delivered the opinion of the court, remarked that it was bad. "When a daughter is over twenty-one years of age there must exist some kind of service to entitle the parent to sue, but the slightest acts have been held to constitute the relation of master and servant. The cohabitation of Klote charged in this plea is not stated to have occurred elsewhere than under the roof of the plaintiff." Citing *Martin v. Payne*, 4 Johnson, 175; *Hornkeith v. Barr*, 8 Serg. & Rawle, 36; *Appelgate v. Ruke*, 2 Marsh. 127.

The result of these cases, including that of *Vossel v. Cole*, is that a parent may recover for debauching his daughter over the age of twenty-one years, if the relation of master and servant then existed, though she be then residing with or in the employment of another. This conclusion is further supported by what is said in *Ellington v. Ellington*, 5 Morris (Miss.), 329; *Boyd v. Boyd*, 8 Black, 113; *Lee v. Hodges*, 13 Gratt. 728; *Kendrick v. McBeary*, 11 Ga. 728; *Roberts v. Connelly*, 11 Ala. 239; *Parker v. Meek*, 3 Sand. (Tenn.) 31; *Melluhall v. Millwood*, 11 N. Y. 343; *Sutton v. Huffman*, 32 N. J. Law, 58.

While the authorities are not all in entire accord, it seems that under the more recent American cases the true test of the parent's right to the action is made to rest upon the ground of his or her right to the daughter's services at the time of the debauchment irrespective ˅of whether she be living in the family or in the employment of another for wages. The inference may be drawn from the remark of Judge NAPTON, in *Vossel v. Cole*, that even though the daughter who is of age and not the servant of the parent be residing out of the family of the parent at the time of the debauchment, still there could be a recovery if the same had been accomplished under the parental roof.

There is nothing perceived in that case which discountenances the rule which we have stated by which the parent's right of recovery is to be tested.

We think the facts which the evidence tends to establish were sufficient to justify the court in submitting to the jury the issue of whether the relation of master and servant existed between plaintiff and his daughter at the time of the alleged injury. It follows that the trial court did not err in overruling defendant's demurrer to the evidence.

The defendant further objects that the trial court erred in telling the jury for plaintiff that, if the defendant, under promise of marriage or otherwise, seduced plaintiff's daughter, in the year 1890, and she became pregnant with child by him, and was delivered of a child, the fruit of said carnal knowledge with defendant; that she was at the time of said seduction and for a long time before, and ever since has continued to, live with her said father, and that she, during said time, rendered service for him, and that by reason of of said seduction, pregnancy and confinement, plaintiff was for a time deprived of his said daughter's services, and incurred expense by reason thereof, then the verdict should be for plaintiff. This instruction was erroneous in that it applies the rule of damages governing cases of seduction to a case of debauchment when the element of seduction does not exist. No seduction, we have seen, is charged in the petition. The jury were directed to find upon an issue not made by the pleadings in the case. Seduction is one injury and debauching is another. The two are different and also the rule of damages in respect thereto. *Comer v. Taylor*, 82 Mo. 346; *Smith v. Young*, 26 Mo. App. 575; *Bell v. Rinker*, 29 Ind. 267; *Delvee v. Boardman*, 20 Iowa, 446.

The plaintiff's fourth instruction which told the

jury that, the fact, if they find it to be a fact, that plaintiff's daughter, at the time of her seduction, if they find that she was seduced, was working in the family of defendant's parents, with the intent, however, on the part of the daughter and plaintiff that she should return at the expiration of said work, to plaintiff's house as her home, that she did so return and ever since has remained at her said father's house, then she was at the time of said seduction living with her father, the plaintiff, within the meaning of the instructions herein given is, in so far as it submitted to them, the issue of the seduction, for reasons already sufficiently stated, manifestly erroneous. And the instruction given by the court, while not objected to by defendant, is subject to a like criticism and should not have been given.

The defendant's first instruction comes within a hair's breadth of giving sanction to the erroneous assumption of the trial court that the action was for the seduction instead of for debauching the plaintiff's daughter, for in defining the measure of damages, which in view of the petition is well enough, uses the expression "*caused by the alleged seduction.*" By substituting the word "debauchment" for that of "seduction" in this instruction it would be free from verbal criticism. As the instruction in other respects is proper, we do not think this slight error should bar the defendant from making the objections to those of the plaintiff which we have already noticed. Nor do we think that the defendant's instruction contains a similar misstatement of the rule of law applicable to the facts of the case under the issues made by the pleadings to that in the plaintiff's instructions.

We shall, therefore, reverse the judgment and remand the cause. All concur.