Mohelsky v. Hartmeister.

HENRY MOHELSKY, Respondent, v. LOGAN F. HARTMEISTER, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Damages**: DEBAUCHMENT: SEDUCTION. Debauchment with seduc-tion is one injury and without it is another; and in the latter case there can be no recovery beyond the loss of service and incidental expenses.

2. ——: ——: FORCE AND ARMS. Where the debauchment is ac-complished by means of force and arms, damages are recoverable as in the case of seduction.

3. **Pleading**: DEBAUCHMENT: LOSS OF SERVICES. Where the debauch-ment results in impairing the capacity of the servant to perform her ordinary services, the master is entitled to recover and the petition in this case is *held* to state a cause of action.

*Appeal from the Gasconade Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*John W. Booth* for appellant.

(1) In an action by a father seeking to recover more than compensatory damages against one who has debauched his daughter, he must allege and prove that the debauching was the result of a seduction. *Smith v. Young*, 26 Mo. App. 575. (2) In case of criminal connection without seduction damages are confined to loss of service. *Hill v. Wilson*, 8 Blackf. (Ind.) 123. (3) Where connection occurs without flattery or arti-fice the damages are limited to actual loss. *Comer v. Taylor*, 82 Mo. 341; *Simpson v. Grayson*, 54 Ark. 404.

(4) At common law the mere wrongful carnal knowledge gives no action to the father, where pregnancy and sickness does not follow. 2 Addison on Torts [Dudley & Baylies Ed.], p. 1090. (5) This rule of the common law has in Missouri the force of positive statute. 2 R. S. of 1889, sec. 6561. (6) The petition in this case not alleging that by reason of the carnal knowledge complained of, defendant's daughter became pregnant and sick, states no cause of action and therefore the judgment recovered by plaintiff ought to be reversed. (7) The petition in this case failing to state facts sufficient to show an actual seduction, and only a wrongful debauching being alleged, the judgment of the court giving plaintiff exemplary damages is erroneous and should be reversed.

*B. L. Matthews* and *Robt. Walker* for respondent.

(1) Respondent's petition does not attempt to charge a debauching resulting technically from seduction, as appellant contends. It charges a debauching resulting from a violent assault and trespass committed with force and arms upon plaintiff's daughter. Such assault and trespass is set forth according to well established precedent. 1 Chitty on Pleading [16 Ed.], pp. 150, 188; 2 Greenleaf on Evidence [5 Ed.], pp. 559, 73; 2 Hilliard on Torts, pp. 515, 520; *Martin v. Payne*, 9 Johns, 387; *Nickleson v. Stryker*, 10 Johns. 115. (2) To entitle to recover, it is not necessary that pregnancy should result from the debauch. Distress in mind and impaired health, in like manner, incapacitate the rendering of services. Loss of service, caused by the wrongful act, is the gist of the action. 21 Am. and Eng. Ency. of Law, p. 1021; *Abraham v. Kidney*, 104 Mass. 222; *Blagge v. Ilsley*, 127 Mass. 191; Cooley on Torts, p. 233; Mor k's Underhill on Torts, pp. 335, 340.

(3) For the purpose of recovering exemplary damages, it is immaterial whether a debauch be accomplished through artifice or seduction, or through a violent trespass. Committing a debauch under circumstances of wanton or violent assault, especially in the case of a female of weak intellect, is certainly as aggravating a case as committing a debauch under seduction, and the law treats one as reprehensible as the other. *Marshall v. Taylor*, 35 Am. St. Rep. 148; *Kennedy v. Shea*, 110 Mass. 147; *Furman v. Applegate*, 23 N. J. L. 28; *White v. Murtland*, 71 Ill. 261; *Lawrence v. Spence*, 99 N. Y. 669; *DeHaven v. Helvie*, 126 Ind. 82; *Dalman v. Koning*, 54 Mich. 320. (4) Exemplary damages are allowed in all cases of tort where the injury complained of was committed with recklessness and wantonness, with a design to oppress and the like, as is the case here. 5 Am. and Eng. Ency. of Law, pp. 11, 22 (note 1); *Kellett v. Railroad*, 22 Mo. App. 370; *Smith v. Goodman*, 75 Ga. 198. (5) In cases of assault, our courts have repeatedly approved the giving of exemplary damages. The judgment is responsive to the petition. *Corwin v. Walton*, 18 Mo. 71; *Klingman v. Holmes*, 54 Mo. 304; *Howard v. Lillard*, 17 Mo. App. 228; *Trauerman v. Lippincott*, 39 Mo. App. 478; *Sloan v. Speaker*, 63 Mo. App. 324. (6) Even proof of assault merely, without actual battery, has been held as sufficient to recover. 2 Greenleaf on Evidence [5 Ed.], p. 77.

SMITH, P. J.—The substantial allegations of the plaintiff's petition were that the defendant "with force and arms, maliciously and wantonly assaulted one Frances Mohelsky, who was then the daughter and servant of the plaintiff, and then maliciously and wantonly debauched and carnally knew the said Frances Mohelsky, whereby the said Frances Mohelsky became greatly distressed in mind and feeling, impairing her

health and destroying her capacity to labor, by means of all which the said Frances Mohelsky was unable to perform the services from the date aforesaid hitherto which the plaintiff as father and master of her as aforesaid, was accustomed to receive from her and asked from her, and other wrongs to the plaintiff the said Logan F. Hartmeister then and there did against the peace, etc. Then follows a prayer for $2,500 compensatory damages asked on account of loss of services to plaintiff from said daughter, wounded feelings and suffering of mind caused by plaintiff, and disgrace and dishonor placed upon his family; and a further prayer for $1,000 exemplary damages, on account of defendant committing the wrong complained of, with recklessness and malice, and in utter wantonness and disregard of the rights of plaintiff, with a design to oppress and injure.

There was a trial by jury, which resulted in a verdict for the plaintiff for $400 actual damages and $600 exemplary damages, upon which judgment was rendered accordingly. The defendant has appealed.

The defendant contends that the facts alleged in the petition do not warrant the judgment for exemplary damages.

As appears from the allegation of the petition, the action is to recover damages for debauchment, where there was no seduction. Debauchment with seduction is one injury and debauchment without it is another. The rule for the admeasurement of the damages in the one case differs from that in the other. *Hartman v. McCray*, 59 Mo. App. 571; *Smith v. Young*, 29 Mo. App. 575; *Comer v. Taylor*, 82 Mo. 346. In the former, exemplary damages are allowable. 2 Hilliard on Torts, 519, sec. 11; *Morgan v. Ross*, 74 Mo. 318; *McAuley v.*

DAMAGES: debauchment: seduction.

*Birkhead*, 13 Iredell, 28; *Grable v. Margrave*, 3 Scam. 372; *Rea v. Tucker*, 51 Ill. 110. It is quite well settled in cases where sexual intercourse has taken place without seduction, that is, without the aid of flattery and artifice, that no recovery can be had by the father beyond the loss of services and incidental expenses. *Comer v. Taylor, ubi supra; Simpson v. Grayson*, 54 Ark. 404; *Hill v. Wilson*, 8 Blackf. (Ind.) 123. In the present case there was a debauchment without seduction and unless there is somthing more, the plaintiff's recovery, according to the rule just stated, must be limited to compensation for the loss of services and incidental expenses.

But does this rule apply in a case of this kind, where the defendant, "with force and arms, maliciously and wantonly assaulted" plaintiff's daughter and servant and "wantonly and maliciously debauched" her? In *Goetz v. Ambs*, 27 Mo. 28, it was said that if the act is willful or intentional, then the idea of compensation is abandoned and that of punishment is introduced. Malice must exist to entitle the plaintiff to anything more than a reparation for the injury, but that it will be found that the word *malice* is always used in such connections, not in its common acceptation of ill-will against a person, but in its legal sense—willfulness, a wrongful act done intentionally, without just cause. And in *Greene v. Craig*, 47 Mo. 90, it was said that exemplary damages are recoverable in an action of trespass against the person, where the injury was wantonly inflicted. Such damages are given by way of example, warning, and punishment. In *Nelson v. Wallace*, 48 Mo. App. *loc cit.* 201, it was declared that exemplary damages are recoverable where malice, violence, or wanton recklessness mingle in the controversy and form one of its chief ingredients. And to

the same effect are: *Kennedy v. Railroad*, 36 Mo. 364; *McKeon v. Railroad*, 42 Mo. 80; *Franz v. Hilderbrand*, 45 Mo. 123; *Magan v. Durfree*, 69 Mo. 478; *Clark v. Farley*, 30 Mo. App. 335. In *White v. Murtland*, 71 Ill. 250, it was declared that where the sexual intercourse is accomplished by means of force, the defendant's conduct should merit at least as high a measure of damages as if there had been seduction. In *Dolman v. Konig*, 54 Mich. 320, it was said: "We do not think there is any legal foundation for the claim that the defendant could be held to any less responsibility for a forcible wrong than for seduction without force. The outrage is quite as great and the mischief quite as offensive. It is no defense that the crime is rape and not seduction. *Kennedy v. Shea*, 110 Ill. 145.

It would therefore seem that the damages which may be recovered by the injured father, are the same whether the debauchment of his daughter is accomplished by flattery and artifice, or with force and violence, or under circumstances · constituting the offense that of rape. In either case exemplary damages are recoverable. *DeHaven v. Helvie*, 126 Ind. 82.

It is conceded by the defendant in his brief that the petition states a cause of action for compensatory damages. But defendant contends that at common law the mere wrongful carnal knowledge gives no action to the father, *where pregnancy and sickness do not follow*, and cites in support of this proposition, Dudley & Baylies' Edition of Addison on Torts, volume 2, page 1090. This edition is not accessible to us, but, assuming that the rule is there laid down as stated by defendant, we think it not applicable to the facts of this case. For here, by reason of the debauchment, the health of the plaintiff's daughter was impaired and

Mohelsky v. Hartmeister.

**PLEADING: debauchment: loss of services.** her capacity for labor destroyed, so that she was unable to perform the services thereafter which the plaintiff had theretofore been accustomed to ask and receive of her.    In *White v. Nellis*, 31 N. Y. 405, the father sued the defendant for debauching his daughter and communicating to her a venereal disease by which she was made sick and unable to labor.    The court say, in the course of its opinion, that the action is maintainable because the wrongful act caused the direct injury to a lawful right. In such case the right of the master to a remedy for an injury to his enjoyment of the services of his servant is equally clear, whether it is produced by beating and wounding the servant, or enticing him from his employment, or forcibly abducting him, or wrongfully debauching and impregnating with child or with disease.    It certainly can not be important whether the father loses the services of the child by illness arising from pregnancy, or from a vile disease contracted by the illicit connection.    All the law can require is *damnum et injuria*, for these constitute, when directly connected, the essential elements of the action.

It has been declared that the same principle which gives the master an action, when the connection causes pregnancy or sexual disease, applies when the consequences of the act is loss of health resulting in loss of service.    *Abraham v. Kidney*, 104 Mass. 222; *Blagge v. Ilsley*, 127 Mass. 194; *Briggs v. Evans*, 5 Iredell. 16; *Boyle v. Branden*, 13 M. & W. 738; *Manvill v. Thompson*, 2 C. & P. 303; Cooley on Torts, 231.

It is therefore obvious that the rule relied on by the defendant is without application to a case of this kind.    It seems to us that both upon principle and authority we are bound to hold that the facts stated in the petition are sufficient to uphold the judgment, which is accordingly affirmed.    All concur.