CORD KOENKE, Respondent, v. AUGUST E.
BAUER, Appellant.

**Kansas City Court of Appeals, April 1, 1912.**

1. **DEBAUCHMENT: Damages: Pleading.** Plaintiff's daughter,
an unmarried woman twenty-three years old, living with her
parents, doing the work of a servant and receiving wages there-
for, was debauched by defendant, and she was delivered of a
child. *Held*, that the allegations of the petition were compre-
hensive enough to allow a recovery whether the act was com-
mitted with force and violence, or with her consent.

2. **INSTRUCTIONS.** Where the abstract of the record fails to
show that exceptions were saved to the action of the court in
giving instructions, the appellate court cannot review the
instructions.

Appeal from Moniteau Circuit Court.—*Hon. John M.
Williams,* Judge.

AFFIRMED.

*W. D. Steele, D. Brunjes* and *George F. Longan*
for appellant.

*W. S. Jackson* and *Henry P. Lay* for respondent.

JOHNSON, J.—The petition alleges that on Octo-
ber 23, 1909, plaintiff "did with force and arms
maliciously, willfully, wantonly and wickedly as-
sault and carnally know one Clara Koenke who was
then and has since remained a servant and daughter of
plaintiff," that plaintiff's said daughter became preg-
nant and was delivered of a child; that her health and
capacity to labor were injured to the damage of plain-
tiff who lost her services and was put to expense for
care and medical attention during her illness, and that
plaintiff suffered great distress of mind from the dis-
grace and dishonor thus cast upon him. The petition
closes with a prayer for compensatory damages in the
sum of $2500, and for exemplary damages in a like

amount.  The answer is a general denial.  A trial to a jury resulted in a verdict and judgment for plaintiff in the sum of $300 compensatory damages and the cause is before us on the appeal of defendant.

Plaintiff's daughter was an unmarried woman twenty-three years old at the time of her alleged injury and was living at home with her parents who lived on a farm.  Though treated as a member of the family she did the work of a servant for which plaintiff was paying her wages at the rate of five dollars per month. She had a good reputation for chastity and there is no suggestion in the evidence that she ever had been guilty of immoral or improper conduct.  Defendant was a young, unmarried man living in the neighborhood who had been paying attentions to the young woman for sometime.  According to her testimony the offense occurred one night while defendant, as her escort, was taking her home in his buggy from a dance.  She states that he violently threw her from the seat to the bed of the vehicle and, despite her utmost resistance, tore her undergarments from her and had carnal knowledge of her.

We shall not go into the particulars of the evidence.  Suffice it to say that though the testimony of the woman, taken as a whole, shows subsequent condonation by her of the offense, it clearly tends to show that her defilement was accomplished by brute force against her will and that neither before nor since has she had sexual intercourse with defendant or with any other man.  The evidence of defendant contradicts that of plaintiff in all essential particulars.

The petition does not charge, nor does the proof of plaintiff indicate that the debauchment of his daughter was the result of her seduction by defendant, but two inferences, either of which would afford plaintiff a cause of action, reasonably may be drawn from the evidence of plaintiff.  First, that the debauchment was accomplished by force and violence against the will of

plaintiff's daughter and, second, that it had her consent. Under the latter hypothesis plaintiff, as the master of the debauched woman, would have a cause of action for his damages resulting from the loss of her services occasioned by the injury and for the expenses incurred by him on account of her pregnancy and illness.

In Comer v. Taylor, 82 Mo. l. c. 346, the Supreme Court say: "The prime basis of this action being the loss of the service of the daughter, her incontinence and guilty conduct in inducing the cohabitation would not wholly defeat the action. The loss of her service and the expense and trouble attending her confinement would be the same to the father, as if she were chaste and had been actually debauched. In such case the amount of his recovery would be limited to such loss. [Akerley v. Haines, 2 Caines 291.]"

Under the hypothesis that the act was committed with force and arms and against the consent of his daughter, plaintiff's measure of damages would be the same as it would have been had there been a seduction. [Mohelsky v. Hartmeister, 68 Mo. App. 318, and cases cited.]

The allegations of the petition were comprehensive enough to allow a recovery by plaintiff under either hypothesis and no error was committed by the court in overruling the demurrer to the evidence.

We are asked to review instructions given at the request of plaintiff but as defendant's abstract of the record fails to show that exceptions to the rulings of the court were saved, we cannot review the instructions. Exceptions were preserved to rulings of the court in refusing instructions asked by defendant but for reasons appearing in what we have said, we find the court took a proper view of the law in these rulings. There is no prejudicial error in the record and the judgment is affirmed.

All concur.